FILED
U.S. DISTRICT COURT
2014 SEP -P 4: 52
DISTRICT OF UTAH
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JAMES W. EDWARDS, derivatively on behalf of HEADWATERS INCORPORATED and individually on behalf of himself and all other similarly situated stockholders of HEADWATERS INCORPORATED, <br><br> Plaintiff, <br><br> vs. <br><br> KIRK A. BENSON, E.J. GARN, RAYMOND J. WELLER, R SAM CHRISTENSEN, WILLIAM S. DICKINSON, MALYN K. MALQUIST, BLAKE O. FISHER, JR., JAMES A. HERICKHOFF, GRANT E. GUSTAFSON and SYLVIA SUMMERS, <br><br> Defendants, <br> and <br><br> **HEADWATERS INCORPORATED,** <br><br> Nominal Defendant. | Civil Case No.: 2:13-CV-00330 <br><br> Judge Bruce S. Jenkins <br><br><br> **JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE** |

On August 28, 2014, this matter came before the Court for hearing pursuant to the Order of this Court, dated May 19, 2014 ("Order"), on the application of the Settling Parties (as defined in ¶ 1.20 of the Stipulation of Settlement) for approval of the settlement set forth in the Stipulation of Settlement dated May 16, 2014 ("Stipulation"). Due and adequate notice having been given to the Class (as defined in ¶ 1.2 of the Stipulation) and to Current Headwaters' Stockholders (as defined in ¶ 1.4 of the Stipulation) as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment and Order of Dismissal with Prejudice ("Judgment") incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meaning as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action, including all matters necessary to effectuate the Settlement, and over all parties to the Action, including Plaintiff, the Class, and Defendants.

3. The Court finds that, for purposes of settlement only, the Action is a proper class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(1)(A). Specifically, this Court finds that: (a) the members of the Class are so numerous that separate joinder of each member is impracticable; (b) there are questions of law or fact common to the Class, including whether the disclosures made by Headwaters in connection with the 2010 Incentive Compensation Plan were adequate and whether the Director Defendants breached their fiduciary duties to members of the Class; (c) the claims or defenses of the Plaintiff are typical of the claims or defenses of the Class

in that they all arise from the same alleged course of conduct and are based on the same legal theories; (d) Plaintiff and his counsel have fairly and adequately protected the interest of Headwaters and the Class; (e) the prosecution of separate actions by individual members of the Class would create a risk of either (i) inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendants, or (ii) adjudications with respect to individual members of the Class which would as a practical matter be dispositive of the interests of the other members of the Class who are not parties to the adjudications or substantially impair or impede their ability to protect their interest; and (f) there were allegations that Defendants acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole. Thus, for the purposes of settlement only, the Action is a proper class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(1)(A).

4.   The Action is certified as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(1)(A) on behalf of the Class consisting of all owners of Headwaters Incorporated ("Headwaters" or the "Company") common stock as of December 31, 2012, the record date for the determination of stockholders who were entitled to vote at the 2013 Annual Meeting, including any and all of their respective successors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns, or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under, any of them, and each of them. Excluded from the Class are Defendants, members of the immediate family of any of Defendants, any entity in which any of Defendants has or had a controlling interest, and the

legal representatives, heirs, successors or assigns of any such excluded person. Also excluded from the Class are those record and beneficial owners of Headwaters' common stock who validly requested exclusion from the Class, to the extent that they were able to do so under Rule 23 of the Federal Rules of Civil Procedure, pursuant to the Notice.

5. For purposes of the Settlement only, Plaintiff James W. Edwards is hereby certified as the representative of the Class and Eduard Korsinsky and Steven J. Purcell of the law firm Levi & Korsinsky, LLP and Nelson Abbott of the Abbott Law Firm are hereby appointed Class Counsel.

6. The Court finds that the Summary Notice of Proposed Settlement of Derivative and Class Action (the "Summary Notice") published in *Investor's Business Daily* and Headwaters' dissemination of the Notice of Proposed Settlement of Derivative and Class Action ("Notice") to Headwaters stockholders by causing the Notice to be filed with the United States Securities and Exchange Commission on Form 8-K provided the best notice practicable under the circumstances of these proceedings and of the matters set forth therein, including the Settlement set forth in the Stipulation, to all persons entitled to such notice, and said notices fully satisfied the requirement of the Federal Rules of Civil Procedure, including Rule 23.1(c), Rule 23(c)(2)(A), and the requirements of due process.

7. All members of the Class and all Current Headwaters' Stockholders are bound by this Judgment, as full and adequate notice of the proceedings was given and a full opportunity to be heard was provided to members of the Class and to all Current Headwaters' Stockholders.

8. The Court finds that during the course of this Action, the Settling Parties and their respective counsel, at all times, complied with Rule 11 of the Federal Rules of Civil Procedure.

9. The Court finds that the Settlement is fair, reasonable, and adequate as to each of the Settling Parties, and hereby finally approves the Stipulation and the Settlement in all respects, finds that the Settlement provides substantial benefits to Headwaters and its stockholders, and orders the Settling Parties to perform its terms to the extent the Settling Parties have not already done so.

10. The Action and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice. As between Plaintiff, the Class, and the Defendants, the Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

11. Upon the Effective Date of the Judgment, Plaintiff, in his capacity as an individual, on behalf of all other similarly situated stockholders of Headwaters, and derivatively on behalf of Headwaters, Headwaters, all members of the Class, and Current Headwaters' Stockholders shall have fully released and forever discharged, and shall forever be barred from initiating, continuing, filing or otherwise prosecuting, against the Released Parties any Released Claims, including Unknown Claims, that were, or could have been, asserted in the Demand Letter or the Action. The Released Claims shall not include any claims to enforce the terms of this Stipulation.

12. Upon the Effective Date, each of the Related Parties shall be deemed to have, and by operation of the Judgment shall have, fully released and forever discharged Plaintiff, Plaintiffs' Counsel, the Class, Class Counsel, and all Current Headwaters' Stockholders (solely in their capacity as Headwaters' Stockholders) from all claims arising out of the institution, prosecution, Settlement, or resolution of the Demand Letter or the Action, including Unknown Claims provided, however, that the Related Parties shall retain the right to enforce in the Court

the terms of the Stipulation. Nothing herein shall in any way impair or restrict the rights of any of the Settling Parties to enforce the terms of the Stipulation. Further, nothing herein shall limit or restrict in any way the rights of any Director Defendants under Headwaters' by-laws, or other applicable law, equity, or contract, including without limitation any and all rights of indemnification and advancement of fees and costs, and nothing herein shall be construed to imply that the Defendants are releasing any claims against any insurer or reinsurer.

13. The Court hereby approves the $500,000 payment to be made by Headwaters to Plaintiff's Counsel for attorney's fees and expenses subject to the terms and conditions set forth in ¶ 5 of the Stipulation. The Court finds the fee award is fair and reasonable based upon the substantial benefits that the Settlement conferred on Headwaters and its stockholders.

14. The Court hereby approves an incentive fee award for Plaintiff in the amount of $2,000. The incentive fee award shall be paid by Plaintiff's Counsel to Plaintiff out of the $500,000 payment referenced in ¶ 13 herein. Defendants do not bear any responsibility for payment of the incentive fee award.

15. The Settling Parties have expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The Settling Parties acknowledge, and members of the Class and all Current Headwaters' Stockholders are hereby deemed to have acknowledged, that the waiver of Unknown Claims was separately bargained for and is a key element of the Settlement.

16. Nothing herein shall in any way impair or restrict the rights of any of the Settling Parties to enforce the terms of the Stipulation.

17. Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants in any proceeding of any nature. Defendants may file the Stipulation and/or Judgment in any action that has been or may be brought against him, her, or it in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

18. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement; and (ii) the Settling Parties for the purpose of construing, enforcing, and administering the Stipulation and Settlement, including, if necessary, setting aside and vacating this Judgment, on motion of a party, to the extent consistent with and in accordance with the Stipulation if any condition set forth in ¶ 6.1 of the Stipulation fails to occur.

19. This Judgment is a final, appealable judgment and should be entered forthwith by the Clerk of the Court in accordance with Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated: 9/4/14

Honorable Bruce S. Jenkins
United States District Judge

*So Stipulated:*

/s/ *Nelson T. Abbott*
Nelson T. Abbott (6695)
ABBOTT LAW FIRM
3651 North 100 East, Suite 350
Provo, UT 84604
Tel.: (801) 373-1112
nelson@abbottlawfirm.com
*Attorney for James Edwards*

/s/ *Sarah A. Good*
Sarah A. Good *(pro hac vice)*
PILLSBURY WINTHROP SHAW PITTMAN LLP
Four Embarcadero Center, 22nd Floor
Post Office Box 2824
San Francisco, CA 94126-2824
Tel.: (415) 983-1000
sarah.good@pillsburylaw.com
*Attorney for Nominal Defendant,
Headwaters Incorporated*
(Permission on File with Nelson Abbott)

/s/ *Clara J. Shin*
Clara J. Shin *(pro hac vice)*
COVINGTON & BURLING LLP
One Front Street, 35th Floor
San Francisco, CA 94111
Tel.: (415) 591-6000
cshin@cov.com
*Attorney for Kirk A. Benson, E.J. Garn,
Raymond J. Weller, R Sam Christensen,
William S. Dickinson, Malyn K. Malquist,
Blake O. Fisher, Jr., and James A.
Herickhoff*
(Permission on File with Nelson Abbott)

/s/ *Graden Jackson*
Graden Jackson
9350 South 150 East, Suite 820
Sandy, UT 84070
Tel.: (801) 532-7080
gjackson@strongandhanni.com
*Attorney for Sylvia Summers and Grant E.
Gustafson*
(Permission on File with Nelson Abbott)

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of September 2014, I caused to be served a true copy of the foregoing **[PROPOSED] JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**, via email, to the following parties:

Blain J. Benard (5661)
Brett L. Foster (6089)
Christopher B. Hadley (14055)
HOLLAND & HART LLP
222 S. Main Street, Suite 2200
Salt Lake City, UT 84101
bfoster@hollandhart.com
cbhadley@hollandhart.com
BJBenard@hollandhart.com
and
Clara J. Shin (*pro hac vice*)
COVINGTON & BURLING LLP
One Front Street, 35th Floor
San Francisco, CA 94111
cshin@cov.com
*Attorneys for Kirk A. Benson, E.J. Garn, Raymond J. Weller, R Sam Christensen, William S. Dickinson, Malyn K. Malquist, Blake O. Fisher, Jr., and James A. Herickhoff*

Graden Jackson (08607)
STRONG & HANNI
9350 South 150 East, Suite 820
Sandy, UT 84070
gjackson@strongandhanni.com
*Attorney for Sylvia Summers and Grant E. Gustafson*

Matthew L. Lalli (6105)
James D. Gardner (8798)
SNELL & WILMER
Gateway Tower West
15 West South Temple, Suite 1200
Salt Lake City, UT 84101-1547
mlalli@swlaw.com
jgardner@swlaw.com
and
Sarah A. Good (*pro hac vice*)
Laura C. Hurtado (*pro hac vice*)
PILLSBURY WINTHROP SHAW PITTMAN LLP
Four Embarcadero Center, 22nd Floor
Post Office Box 2824
San Francisco, CA 94126-2824
sarah.good@pillsburylaw.com
laura.hurtado@pillsburylaw.com
*Attorneys for Nominal Defendant, Headwaters Incorporated*

Steven J. Purcell (*pro hac vice*)
Eduard Korsinsky (*pro hac vice*)
LEVI & KORSINSKY LLP
30 Broad Street, 24th Floor
New York, NY 10004
ek@zlk.com
spurcell@zlk.com
*Attorney for Plaintiff James Edwards*

/s/ Nicole Mecham
Nicole Mecham
Paralegal for Nelson Abbott